RULEY, JUDGE:
On the evening of February 4, 1978, a 1971 Ford vehicle belonging to the claimant, Dixie Lee LePera, was stolen from her *50 residence in Grafton, West Virginia, by four escapees from the West Virginia Industrial School for Boys. At the time of the theft, the vehicle was unlocked and the key was in the ignition. Claimant seeks reimbursement for damages to the vehicle, as well as a towing fee, for a total amount of $1,052.62.
On the night of the escape, according to the testimony of Correctional Officer H. Kenneth Jackson, Jr., there were approximately 35 boys in Cottage 7, of which Mr. Jackson was the supervisor. He and another supervisor, Mr. Thomas Jenkins, made continuous routine checks of the boys that evening. Mr. Jackson stated that the escape occurred in a five-minute interval between checks. The boys escaped by breaking the quarter-inch chain on a low casement window and climbing out. Upon discovering that the nine boys were missing, Mr. Jackson got the remaining boys together in one room and called the shift supevisor, as is the normal procedure following an escape. Four of the nine escapees were later identified as the ones involved in the theft of claimant’s vehicle.
In order for the claimants to recover in this case, it must be established that negligence on the part of the respondent was the proximate cause of the damages suffered by the claimants. In this regard, we find a prior decision of this Court to be controlling. The case of Hogue vs. Department of Public Institutions, 9 Ct. Cl. 132 (1972), is almost identical to this case. In Hogue, nine boys escaped from the Industrial School and three of them stole an automobile belonging to an area resident. The escape occurred when the boys pushed out a heavy wire grating securing a window, dropped to the ground, and ran away. In the Opinion in that case, Judge Jones set forth a detailed analysis of the nature and purposes of the Industrial School for Boys, noting that it “is not a prison, there are no walls, security fences, bars, cells or armed guards. The School purports and tries to be a correctional institution.” The question in the Hogue case, as well as in this case, was whether the supervisor was negligent in having failed to properly secure the window or detect the efforts to escape. The Court in Hogue found no negligence, and we are compelled to reach the same result here.
There is nothing in the evidence to indicate that either of the supervisors acted in a negligent manner. The window through which the escapees slipped had been chained. The routine check of the boys was in progress. With 35 boys in their charge, it is evident that the two supevisors could not be everywhere at once.
*51 The Court is of the opinion that negligence on the part of the respondent’s supervisors has not been proved. Even if such neglience had in fact been established, it would not be considered the proximate cause of the damage to the claimants’ vehicle. Claimant Dixie Lee LePera testified that the keys had been left in the vehicle that evening. This neglient act on behalf of the claimants, in leaving the vehicle ready for any passer-by to convert to his own use, would be the proximate cause of any subsequent harm done to the vehicle.
Accordingly, the Court hereby disallows the claim.
Claim disallowed.